**UNITED STATES of America, Appellee,**

v.

**Maximillian MORALES, Luis Alfonso Jarramillo and Irene Morales, Appellants.**

**Nos. 1248, 1249 and 1269, Dockets 80–1085 to 80–1087.**

United States Court of Appeals, Second Circuit.

Argued June 17, 1980.

Decided Dec. 8, 1980.

James A. Pascarella, Garden City, N.Y. (Lawrence V. Carra and Charles Theofan, Garden City, N.Y., on the brief), for appellant, Irene Morales.

Michael O'Brien, Mineola, N.Y., for appellant, Maximillian Morales.

David Seth Michaels, The Legal Aid Society Federal Defender Services Unit, New York City, for appellant, Luis Alfonso Jaramillo.

Kenneth I. Wirfel, Asst. U.S. Atty., Brooklyn, N.Y. (Edward R. Korman, U.S. Atty., E.D.N.Y., Mary McGowan Davis, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee, U.S.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and NICKERSON, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

Defendants appeal from judgments of the United States District Court for the Eastern District of New York convicting them of possessing cocaine with intent to distribute and conspiring to commit the same offense. Although they urge several grounds for reversal, the only asserted error of sufficient substance to warrant discussion involves the Government's use of appellant Maximillian Morales as an informant.

Appellants were arrested on October 9, 1979 and went to trial on January 12, 1980. On December 28, 1979, the Assistant United States Attorney to whom the case had been assigned informed counsel for Morales that the DEA had registered his client as an informant shortly following his arrest. This fact was not made known to the attorneys for the other two defendants until January 7, 1980. When defense counsel expressed concern about the possibility of a "spy in the enemy camp," they were told by the prosecutor that Morales had not been interrogated in any manner about the instant case. At the prosecutor's suggestion, the district court examined *in camera* the DEA agent who interviewed Morales, together with the written reports prepared during and after the interview. The district judge found that the *in camera* evidence, which he sealed, disclosed no conversations between Morales and the DEA relating in any way to this litigation.

Appellants advance two arguments which, they contend, mandate reversal. They say, first, that the Government's conduct was so grossly improper that a showing of prejudice was not required. Their second argument is that their exclusion from the *in camera* proceedings prevented them from exploring the possibility that prejudice had in fact occurred.

---

* Of the Eastern District of New York, sitting by designation.

The Government concedes that "it would have been better advised to have refrained from post–indictment contact with Maximillian Morales without the consent of counsel." We agree. However, because the *in camera* evidence, now unsealed, does not disclose an intentional, governmentally instigated intrusion upon confidential discussions between appellants and their attorneys, the evidence does not support appellants' claim of a *per se* violation of their right to counsel. *See Weatherford v. Bursey*, 429 U.S. 545, 558, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977); *United States v. Gartner*, 518 F.2d 633, 636–38 (2d Cir.), *cert. denied*, 423 U.S. 915, 96 S.Ct. 222, 46 L.Ed.2d 144 (1975); *United States v. Lebron*, 222 F.2d 531 (2d Cir.), *cert. denied*, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955). The *in camera* proceedings likewise show no prejudice to appellants from discussions between Morales and DEA agents.

Appellants have made no showing that the Government breached the confidences exchanged by appellants with their attorneys. They insist, nonetheless, that they were precluded wrongfully from fully developing the facts through interrogation of the DEA agents. *See In re Taylor*, 567 F.2d 1183, 1187–89 (2d Cir. 1977). Bearing in mind the problems in communication associated with appellants' language difficulties and the desirability of avoiding *in camera* proceedings whenever possible, *see United States v. Arroyo–Angulo*, 580 F.2d 1137, 1145 (2d Cir.), *cert. denied*, 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260 (1978), we believe that appellants should be given now the opportunity they formerly sought. The matter is remanded to the district court for the limited purpose of permitting appellants to examine the DEA agent or agents who had contact with Morales and for further findings thereafter by the district court on the issues of gross impropriety and prejudice. *See Weatherford v. Bursey, supra*, 429 U.S. at 557–59, 97 S.Ct. at 844–85.

This Court will retain jurisdiction of the matter pending the findings of the district court.